United States District Court
Central District of Illinois
Urbana Division

### ORDER OF DETENTION PENDING TRIAL

**United States of America**                                   Case Number:   07-20040

v.

**LADARREN SAIN**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### PART I - FINDINGS OF FACT

" (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:
" a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
" an offense for which the maximum sentence is life imprisonment or death.
" an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
" a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

" (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

" (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

" (4) Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## ALTERNATE FINDINGS (A)

**X** (1) There is probable cause to believe that the defendant has committed an offense:
  - **X** for which a maximum term of imprisonment of ten years or more is prescribed in **21 U.S.C. §§ 841(a) and (b)(1)(A)**.
  - " under 18 U.S.C. § 924(c).

**X** (2) The defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## ALTERNATE FINDINGS (B)

" (1) There is a serious risk that the defendant will not appear.
" (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(~~a preponderance of the evidence~~) that:

**The Defendant was sentenced on December 2, 2004, to 18 months conditional discharge for a felony case. On October 28, 2005, he was arrested for Unlawful Possession of Controlled Substance with Intent to Deliver. He was placed on 24 months special probation for that offense. The charged offense is alleged to have been committed while Defendant was on probation for the second offense. The second offense was committed while Defendant was on probation for the first offense. The behavior seems to be escalating and Defendant appears to have taken a rather cavalier attitude toward compliance with court-imposed conditions. He has not rebutted the statutory presumption. Rather, his behavior in the last three years is such that his detention is necessary.**

### PART III - Directions Regarding Detention

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ENTER this 11th day of May, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE